UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**THOMAS J. OLSEN, Individually and on behalf
of all other persons similarly situated,**

                                                **Plaintiff,**             **MEMORANDUM
                                                                                    AND ORDER**

       **-against-**

                                                                                                 **20-CV-4401 (RRM)**

**CAMP COLLECTION INC.,**

                                            **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a motion filed by plaintiff Thomas J. Olsen ("plaintiff"), in response to this Court's Order to Show Cause, requesting leave to effect substitute service on defendant Camp Collection Inc. ("defendant"), by serving the California Secretary of State pursuant to California Corporations Code section 1702(a). See Response to Order to Show Cause (March 3, 2021) ("Pl. Mot."), Electronic Case Filing Docket Entry ("DE") #7; Order to Show Cause (Feb. 25, 2021), DE #6.[1] For the reasons set forth below, plaintiff's motion is denied without prejudice.

## BACKGROUND

On September 18, 2020, plaintiff filed this website accessibility case under the Americans with Disabilities Act, as well as state and city law. See Complaint (Sept. 18, 2020), DE #1. Plaintiff attempted to serve defendant twice at the address for defendant's registered agent for service of process. See Declaration of Christopher H. Lowe (Mar. 3,

---

[1] Henceforth, any request for judicial action addressed to this Court must be docketed as an ECF motion event.

2021) ¶¶ 3-5, DE #7-1. Those attempts were unsuccessful because the building located at that address was vacant. See id. ¶¶ 4-5. Plaintiff then identified another address for a registered agent of defendant and attempted service twice at that location. See id. ¶¶ 5-6. Those service attempts also failed because the building at the second location was vacant. See id. ¶ 6.

## DISCUSSION

Rule 4(h) of the Federal Rules of Civil Procedure (the "FRCP") permits service of process on corporations "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Under Rule 4(e) of the FRCP, service on a corporation may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

California Corporations Code section 1702(a) permits service on a corporation through the California Secretary of State:

> if the agent designated [for purposes of service of process] cannot with reasonable diligence be found at the address designated for personally delivering the process, . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner . . . provided in subdivision (a), (b) or (c) of Section 416.10 of the Code of Civil Procedure . . . .

Cal. Corp. Code § 1702.

In turn, under section 416.10(b) of the California Code of Civil Procedure, a corporation may be served through "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant

treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Code § 416.10(b). Those individuals may be served by personal delivery or by delivery to someone at the person's residence or place of business, with subsequent mailing. See Cal. Civ. Code §§ 415.10, 415.20, 415.30.

In order to effect service through the Secretary of State, plaintiff "must demonstrate by affidavit that they were unable with reasonable diligence to effect service under Section 416.10 of the California Code of Civil Procedure . . . ." Dakavia Mgm't Corp. v. Bigelow, Case No. 1:20-cv-00448-NONE-SKO, 2020 WL 2112261, at *1 (E.D. Cal. May 4, 2020); see Viewtech, Inc. v. Skytech USA, Inc., Civil No. 07cv541-L(NLS), 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007). "'An affidavit failing to demonstrate that a diligent search for officers as well as agents was performed is inadequate.'" Dakavia Mgm't Corp., 2020 WL 211261, at *2 (quoting Viewtech, 2007 WL 1429903, at *1); see Bd. of Trs. of Laborers Health & Welfare Trust Fund for N. Calif. v. Bowdry & Bowdry Janitorial LLC, Case No. 18-cv-01702-MEJ, 2018 WL 3093377, at *2 (N.D. Cal. June 22, 2018).

Here, plaintiff asks that the Court, pursuant to California Corporations Code section 1702, permit him to serve defendant through the California Secretary of State. However, plaintiff proffers no evidence that other methods of service are not viable, including proof that he attempted to effect service through section 416.10(b) of the California Civil Code by serving the enumerated officers of the corporation. Plaintiff has shown only that he attempted service at two addresses for the registered agent for process. Without offering any

3

information as to his efforts to investigate the whereabouts of the corporations' officers, plaintiff makes only a vague representation that he "has made good faith efforts to locate a third address for defendant[], but no other addresses could be found." Pl. Mot. at 1. This is an insufficient showing to warrant resorting to substitute service; under the circumstances, plaintiff has not demonstrated reasonable diligence in attempting to serve defendant. See Dakavia Mgmt., 2020 WL 2112261, at *3 (denying plaintiff's request to serve secretary of state because plaintiff did not demonstrate any effort to locate officers or other agents of corporation to serve); Bowdry & Bowdry, 2018 WL 3093377, at *2 (denying plaintiffs' motion to serve secretary state, for failure to show that they have "diligently attempted to search for [enumerated] officers"); Viewtech, 2007 WL 1429903, at *2 ("no indication Plaintiff has made any attempt to locate officers of the corporation").

Therefore, in the absence of any showing that plaintiff reasonably attempted to effect service without judicial intervention, this Court, in its discretion, denies plaintiff's request to authorize substitute service under California Corporations Code section 1702. Despite the absence of a showing of good cause, the Court, in its discretion, grants plaintiff's request to enlarge the time to effect service pursuant to Rule 4(m) of the FRCP, which expired on December 7, 2020, until April 15, 2021.

## CONCLUSION

For the foregoing reasons, the Court denies without prejudice plaintiff's motion requesting leave to effect substitute service on defendant through the California Secretary of State. Plaintiff's time to effect service is extended to April 15, 2021.

       SO ORDERED.

Dated:    Brooklyn, New York
            March 9, 2021

         /s/ *Roanne L. Mann*
         **ROANNE L. MANN**
         **UNITED STATES MAGISTRATE JUDGE**